*Northern District*

No. 6235

**MARK MAVROFRIDES and others**

v.

**SOUTHWICK CONSTRUCTION CO., INC.**

and trustee

Argued———1966        Decided———1966

*Present:* Brooks, P.J., Connolly, J., Yesley, J.

Case tried to *Thompson, J.* in the Central District Court of Northern Essex    No. 604—1965

Yesley, J. *This is an action of contract* commenced by trustee process for labor and machinery alleged to have been furnished by the plaintiffs to the defendant, a foreign corporation doing business in the Commonwealth.

The case was entered on June 28, 1965. The

defendant failed to appear or answer and an order of "personal" notice issued on July 10, 1965 returnable on August 2, 1965, providing for service on the Secretary of the Commonwealth. On July 21, 1965, the order of notice was returned to court showing service on the Secretary on July 19, 1965. On August 13, 1965, an affidavit of the Secretary that service had been made in accordance with the General Laws was filed in court and on that date the defendant was defaulted. Notice of the default was given to the defendant and on August 19, 1965 it filed a motion to remove the default, accompanied by an affidavit of a good defense "because they owe the plaintiff nothing". The motion was heard on August 27, 1965, the defendant appearing by an officer, and was "[a]llowed on the condition that trial be held on *August 31, 1965,* and proper answer to be filed in the meantime, *and copy of answer to be provided to opposing counsel.*" An order of "no further continuances to be allowed" was also made on that date, the court denying defendant's request for a trial on *September 7, 1965* to afford it "time to prepare for the trial". On August 28, 1965, the defendant filed an answer in court and "by mistake" failed to furnish the plaintiffs' attorney with a copy. "At the trial on August 31, 1965, on the plaintiffs' objection for the reason that *the defendant had not furnished (the plaintiffs' attorney) with a copy of (its) answer* as previously ordered, the

court [d]enied the defendant's [m]otion to [r]emove the [d]efault''.

The defendant, which acted throughout by an officer *pro se*, claimed a report of several rulings of the court. We concern ourselves only with the ruling denying the defendant's motion to remove the default.

No question as to the propriety of the entry of the default has been raised (See Rule 13 of the Rules of the District Courts (1965)). The removal of a default is governed by Rule 14 which provides that a default should not, except the court otherwise order, be removed except: ''(a) by the operation of some condition thereof, (b) by written consent. . . . . .or (c) upon motion supported by affidavit of the facts relied on in. . . .defense, notice to the adverse party, and such proof as the court may require that a defense is intended in good faith''. The trial justice apparently found that the conditions of alternative (c) had been satisfied in entering his order dated August 27th. We treat this order as a declaration of his intention to allow the motion as a matter of course on August 31st if the particular conditions he imposed were fulfilled, namely, trial on August 31st, filing of an answer in the meantime *and furnishing a copy to the plaintiffs' attorney.* Defendant did appear in Court for trial on August 31st, and did file on August 28th an answer setting up a general denial and payment. However, *it had failed ''by mistake'' to*

*furnish a copy of the answer to opposing counsel.* "On the plaintiffs' objection for the reason that the defendant had not furnished (their attorney) with a copy of (its) answer", the trial justice denied the motion to remove the default and no trial was held.

Rule 10 requires that a copy of any pleading filed after the declaration be given to the adverse party not later than the day of filing, and provides that in case of failure to comply therewith "the court may entertain a motion to strike such paper from the files".

We judge the action of the trial justice on August 31st by the facts as they existed on that day. There was an answer then on file. Under the Rule, it could have been stricken from the files in the discretion of the trial justice. Since he did not order the answer stricken, it stood as filed. To deny the motion to remove the default on a day when both parties appeared for trial, with the pleadings completed except for the failure of the defendant "by mistake" to furnish the plaintiffs' attorney with a copy of a routine answer which had been on file for two business days preceding the date of trial, was in our opinion prejudicial error. This is not a case of a deliberate disregard of an order; the omission was "by mistake". Nor could it be found here that the answer disclosed any surprise defense or anything beyond what was forecast by the affidavit previously filed with the motion to remove the default.

The denial of the defendant's motion to remove the default is to be vacated and an order is to be entered that the default be removed if a copy of the answer is delivered or mailed, postage prepaid, to plaintiffs' counsel of record and a certificate of the defendant, by an officer or attorney, of the furnishing of such copy stating the date and manner thereof is filed in the District Court, within thirty days after notice of the Order of this Division is duly sent by the District Court to the defendant.

JOHN L. SOUTHWICK, JR.

*(Pro Se)* for Defendant

WILLIAM KIARSIS

of Haverhill for the Plaintiff